UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHAPEL RIDGE SECOND INVESTMENTS LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-00207-WCL-SLC ) |
| US BANK NATIONAL ASSOCIATION, *as Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2007-GG9, Commercial Mortgage Pass-Through Certificates, Series 2007-GG9 successor to* Bank of America, National Association *successor to* LaSalle Bank, National Association, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is a Joint Motion for Entry of Agreed Protective Order (DE 65) filed by Defendant, seeking the Court's approval and entry of a proposed protective order (DE 65-1) stipulated to by the parties pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed protective order is deficient in several ways, the Court will not enter the proposed order.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See*

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the stipulation in this case appears to contemplate sealed filings (DE 65-1 ¶ 8), it requires a higher level of scrutiny.

*Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. Instead it allows a party to designate material as Confidential Information if it contains "(i) information protected by Federal Rule of Civil Procedure 26(c)(1) or (ii) other information protected by state or federal law." (DE 65-1 ¶ 1). The Seventh Circuit Court of Appeals has repeatedly held that categories such as "other confidential information," for example, are overly broad and render a protective order invalid. *See, e.g.*, *Cincinnati Ins. Co.*, 178 F.3d at 945.

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must

2

explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Additionally, the proposed order enables a party to designate information as confidential provided it "reasonably and in good faith believes" that the information is entitled to protection. (DE 65-1 ¶ 2). But this is a "fudge" phrase that compounds the vagueness of the proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard*, 2003 WL 1702256, at *1 (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Also, the proposed order allows documents that "contain" Confidential Information to be filed entirely under seal (DE 65-1 ¶¶ 1, 8), rather than solely protecting the actual Confidential Information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Furthermore, the Seventh Circuit has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* at 946. The instant proposed order, however, does not contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945.

Finally, Paragraph 14 of the proposed order provides that the Court retain jurisdiction

3

over the protective order after termination of the suit. (DE 65-1 ¶ 14). The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For these reasons, the Court DENIES the Joint Motion for Entry of Agreed Protective Order (DE 65) without prejudice. The parties may submit another motion and revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 7th day of June 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge